

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,329

### EX PARTE YONI R. DIAZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W04-53125-Q(A) IN THE 204TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Diaz v. State*, No. 05-05-00975-CR (Tex. App.–Dallas, delivered October 18, 2006).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition for discretionary review *pro se.*

Applicant's conviction was affirmed on October 18, 2006. Contained within the habeas corpus record is an affidavit from an Open Records Coordinator at the Texas Department of Criminal Justice which indicates that Applicant did not receive any certified, special or legal mail during the months of October 2006 and November 2006. The trial court found this affidavit to be credible.

The trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition for discretionary review *pro se.* The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Fifth Court of Appeals in Cause No. 05-05-00975-CR that affirmed his conviction in Case No. W04-53125-Q(A) from the 204th Judicial District Court of Dallas County. Applicant shall file his petition for discretionary review with the Fifth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered: April 28, 2010
Do not publish